UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HENSLEY K. MCCALLA,

                Plaintiff,

       -against-

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

                Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
18-CV-1971 (JMA) (SIL)

FILED
CLERK
2/6/2020 3:46 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**JOAN M. AZRACK, United States District Judge:**

On February 4, 2020, the undersigned held a conference (the "Conference") and granted the Motion for Settlement, (ECF No. 21), on the record. (ECF No. 40.) The following Order recites the facts of this case and expands on the oral ruling.

## BACKGROUND

### A. Procedural Posture of the Case

Plaintiff Hensley K. McCalla ("Plaintiff"), represented by counsel, commenced this action in the New York State Supreme Court, County of Nassau, asserting a claim for disability benefits against the defendant Liberty Life Assurance Company of Boston ("Defendant"). (ECF No. 1.) Defendant asserted that the claims were preempted by ERISA, 29 U.S.C. §§ 1001, et seq., and removed the case to Federal Court on April 2, 2018. (Id.) It was assigned to District Court Judge Sandra J. Feuerstein. Plaintiff filed an amended complaint and Defendant responded with an answer and counterclaims, alleging an overpayment of disability benefits. (ECF Nos. 10, 11.)

At a status conference before Judge Feuerstein on July 23, 3018, the parties discussed discovery deadlines and a date by which to serve dispositive motions. (ECF No. 16.) Approximately two months later, defense counsel wrote jointly with plaintiff's counsel to notify

the Court that the parties "have reached an agreement in principle," and to request that the Court vacate all deadlines pending submission of the dismissal paperwork. (ECF No. 17.)

The Court granted this request and marked the case closed. (Electronic Order, 9/27/18.) On November 1, 2018, plaintiff's counsel moved to withdraw as counsel for Plaintiff, citing irreconcilable differences, a request which Judge Feuerstein denied. (ECF No. 17.) On December 21, 2018, Defendant filed a fully briefed "Motion for Settlement," asserting that the parties had entered into a binding settlement agreement and asking the Court to enforce that settlement. (ECF Nos. 21–26.) The filing included a Memorandum in Opposition filed by plaintiff's counsel. (ECF No. 24.)

While the Motion for Settlement was pending, Plaintiff, proceeding pro se, filed an identical action in New York State Supreme Court, Nassau County, which Defendant again removed to Federal Court and then requested it be consolidated with the instant action. (See ECF Nos. 29, 30.) Judge Feuerstein consolidated the second-filed case (Docket 19-cv-4180) with the instant case, which she reopened. (Electronic Order, 7/25/2019.)

A few weeks later, plaintiff's counsel moved to be relieved as counsel for the second time, including a signed stipulation from Plaintiff indicating that he would proceed pro se. (ECF Nos. 36, 37.) Judge Feuerstein granted this request and scheduled a conference. (Electronic Order 8/21/2019.) Plaintiff appeared pro se before Judge Feuerstein on October 8, 2019 and the case was reassigned to the undersigned on October 15, 2019. (ECF No. 39.) The undersigned reviewed the pending motion papers and scheduled a conference for February 4, 2020 to address the requested relief, at which time the Court granted Defendant's Motion for Settlement. (ECF No. 40.)

**B. Settlement Discussions and Agreement**

According to the papers submitted with the Motion for Settlement, plaintiff's counsel made an initial settlement offer to defense counsel via email on June 28, 2018. (Sibbernsen Decl., Ex. A., ECF No. 23.) He then made three revised settlement offers on July 20, 2018, September 13, 2018, and September 14, 2018. (Sibbernsen Decl., Exs. A, B, C.) In each email he stated, "[a]fter further discussion with our client, we have revised our settlement offer" and noted that the parties had agreed that the settlement would also waive Defendant's claims against Plaintiff.[1] (Id.) Following the September 14, 2018 offer, defense counsel countered, stating "[i]n exchange for a release of all claims and an agreement to usual and customary terms of a settlement agreement (including confidentiality and non-disparagement), my client offers to waive its counterclaim against Mr. McCalla (approx. $35K) and pay Mr. McCalla an additional $9,000." (Sibbernsen Decl., Ex. D.) Later that same day, plaintiff's counsel reduced the demand amount. (Id.) Three days later, on September 17, 2018, plaintiff's counsel stated, "Mr. McCalla will accept $12,500.00. This is our best and final offer." (Id.)

The next morning, defense counsel indicated that his client would accept the demand of $12,500.00 and waive its counterclaims in exchange for a release of all claims and agreement to usual and customary terms of a settlement agreement. (Id.) He indicated that he would draft a settlement agreement, asked to whom the settlement check should be made out, and requested an executed Form W-9 for plaintiff's counsel's firm. (Id.) An hour and a half later, plaintiff's counsel responded with the signed W-9 and stated that the settlement check should be payable to his firm, as attorney. (Id.) Approximately a week later, defense counsel asked if he could submit

---

[1] The Court notes that the July 20, 2018 email did not include the word "further." (Sibbernen Decl., Ex. A.)

the letter notifying the Court of the settlement, to which plaintiff's counsel responded, "Letter is fine." (Id.)

Over the next few weeks, defense counsel asked clarifying questions about the preferred designation for the settlement check and sent a settlement agreement. (Sibbernsen Decl., Ex. E.) He followed up with plaintiff's counsel about the status of the settlement agreement on October 19, 2018, and plaintiff's counsel responded, "I expect my client in next week." (Id.)

According to subsequent email exchanges, plaintiff's counsel then informed defense counsel that Mr. McCalla intended to back out of the settlement agreement and defense counsel stated, by email, Defendant's position that the parties entered into a binding settlement agreement reflected in their email exchanges. (Sibbernsen Decl., Ex. F.) Plaintiff's counsel contended it was not a binding settlement agreement because the emails stated, "FOR SETTLEMENT PURPOSES ONLY WITHOUT PREJUDICE – NOT TO BE USED IN LITIGATION" and the letter to the Court indicated that the settlement had been reached only "in principle." (Id.)

## DISCUSSION

The Court has considered the parties' motion papers together with the statements made on the record at the Conference.[2] The Court first addresses counsel's authority to enter into the settlement agreement. "[B]ecause of the unique nature of the attorney-client relationship, and consistent with the public policy favoring settlements, we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so. In accordance with that presumption, any party challenging an attorney's authority to settle the case

---

[2] The Court rejects Plaintiff's argument that it lacks jurisdiction over the Motion for Settlement. (See ECF No. 24 at 10–12.) The enforceability of the settlement is properly before the Court in the instant action, which was removed to this Court on April 2, 2018. Moreover, even if it were not, the Court would have jurisdiction to address the enforceability of the settlement as part of the newly-filed identical case, 19-cv-4180-SJF-SIL, which already has been consolidated into the instant action.

. . . bears the burden of proving by affirmative evidence that the attorney lacked authority." Pereira v. Sonia Holdings (In re Artha Mgmt.), 91 F.3d 326, 329 (2d Cir. 1996).

In its opening brief, Defendant argued that plaintiff's counsel had authority to settle on behalf of Plaintiff. (ECF No. 22.) Plaintiff was still represented by counsel when he opposed the motion and his opposition papers did not contest this argument. (ECF No. 24.) Accordingly, any such claim is waived. However, at the Conference, Plaintiff claimed for the first time that his counsel did not have his authority to settle for $12,500.00. Even if this claim was not waived by failing to raise it in his motion papers, the Court does not find Plaintiff's statement credible, particularly given the email exchanges between counsel and the lack of opposition to Defendant's actual authority argument in the papers submitted to the Court.

Next, to determine if the settlement agreement was binding, "[t]he court is to consider (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985). No single factor is dispositive. Id. Based on these factors, the Court finds that the parties entered into a binding settlement agreement. The Court is particularly persuaded by the case Pruiett v. City of New York, 2012 U.S. Dist. LEXIS 103793 (S.D.N.Y. May 31, 2012), which presents a very similar set of facts. The arguments raised by Plaintiff in his opposition papers, or on the record at the Conference, do not persuade the Court otherwise. Notably, at the Conference, Plaintiff did not contest any terms of the settlement other than the settlement amount—his only defense to the Motion for Settlement was that he did not want to settle the case for $12,500.00, which was clearly agreed to in the email exchanges.

Accordingly, the Court GRANTS Defendant's Motion for Settlement, (ECF No. 21), and finds that the parties agreed to settle this action for a sum of $12,500.00 to be paid by Defendant to Plaintiff which will release all claims and counterclaims in this consolidated action. Defendant shall issue a check made payable to Plaintiff for the full settlement amount by March 5, 2020 (30 days from the date of the conference), at which time the releases shall become effective.

## **CONCLUSION**

As this matter has settled, the case is dismissed. The Clerk of the Court is directed to mail a copy of this order to Plaintiff at his last known address and to mark this case closed.

**SO ORDERED.**

Dated: February 6, 2020
      Central Islip, New York

        /s/ (JMA)
Joan M. Azrack
United States District Judge